# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

**BILLY RAY GRAYS**                                               **PLAINTIFF**
**ADC #112324A**

v.                  **No: 4:21-cv-00632-BSM-PSH**

**GARY M. ARNOLD,** *et al.*                              **DEFENDANTS**

## PROPOSED FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following proposed Findings and Recommendation have been sent to United States District Brian S. Miller. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection, and (2) be received by the Clerk of this Court within fourteen (14) days of this Recommendation. By not objecting, you may waive the right to appeal questions of fact.

### DISPOSITION

Plaintiff Billy Ray Grays filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 on July 2, 2021, while incarcerated at the Arkansas Department of Corrections' Maximum Security Unit (Doc. No. 2). Grays was subsequently granted leave to

proceed *in forma pauperis* (Doc. No. 3).  For the reasons stated herein, Grays' claims should be dismissed for failure to state a claim upon which relief may be granted.

## I. Screening Standard

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A.  Rule 8 of the Federal Rules of Civil Procedure requires only "a short and plain statement of the claim showing that the pleader is entitled to relief."  In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555 (2007), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. . . .  Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004).  A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable.  *Twombly* at 570.  A *pro se* plaintiff's allegations must be construed liberally, *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir. 2002), and the Court must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly

baseless. *See Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (explaining that clearly baseless facts include those that are fanciful, fantastic, and delusional).

## II. Analysis

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that the conduct of a defendant acting under color of state law deprived him of a right, privilege, or immunity secured by the United States Constitution or by federal law. 42 U.S.C. § 1983.

Grays sues the justices of the United States Supreme Court, judges of the Arkansas Supreme Court and the Eighth Circuit Court of Appeals; all judges in the Eastern and Western Districts of Arkansas of the United States Courts as well as Arkansas circuit court judges; all attorneys licensed in Arkansas; ADC Director Dexter Payne; Arkansas Attorney General Leslie Rutledge; and Arkansas Governor Asa Hutchinson. He generally alleges a widespread conspiracy among the defendants against Black citizens. He states that defendants are engaged in "terror lynchings" in the State of Arkansas and nationwide. He further alleges that the defendants have intentionally infected prisoners and Black citizens with Covid-19 and poisons such as thallium or anthrax through virus testing and/or vaccinations. Grays misrepresents the records of cases filed by other inmates (*e.g., Ashley v. Ginsburg,* No. 4:20-cv-01122-BSM and *Landers v. Arnold,* No. 4:21-cv-00385-BRW-BD), and claims that he was threatened with death if he did not involuntarily

3

dismiss a habeas petition he had previously filed (*Grays v. Payne,* No. 4:21-cv-00356-LPR-PSH). Grays additionally claims to have been sexually assaulted by a state circuit court judge. Finally, Grays asserts a claim regarding a 2021 state law authorizing the ADC to apply federal stimulus funds paid to ADC inmates to payment of unpaid court fines, fees, costs, or restitution, with the remainder, if any, to be distributed to an inmate welfare fund and an inmate care and custody fund. Grays claims that this law is unconstitutional because it is racially discriminatory, and that defendants confiscated his federal stimulus funds and denied him parole while allowing white inmates to spend their stimulus funds.

These factual allegations are conclusory, speculative, and in large part, fanciful, and Grays' complaint should be dismissed as frivolous. *See Denton v. Hernandez*, 504 U.S. at 33 ("a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible").

### III. Conclusion

For the reasons stated herein, it is recommended that:

1. Grays' complaint be dismissed without prejudice.

2. Dismissal of this action count as a "strike" within the meaning of 28 U.S.C. § 1915(g).

3.  The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from the order adopting this recommendation and accompanying judgment would not be taken in good faith.

IT IS SO RECOMMENDED this 9th day of September, 2021.

_____
UNITED STATES MAGISTRATE JUDGE